IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SHERRI HOYLE, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 08-3002-MO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MOSMAN, J.,**

      Plaintiff Sherri Hoyle challenges the Commissioner's decision finding her not disabled under Title II of the Social Security Act and denying her application for Disability Insurance Benefits ("DIB"). The Court has jurisdiction under 42 U.S.C. § 405(g).

      I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). For the reasons stated below, I AFFIRM the Commissioner's decision.

## PROCEDURAL BACKGROUND

On March 15, 2005, Ms. Hoyle filed for DIB and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. AR 14, 25-27.[1] After the Commissioner denied these applications, an Administrative Law Judge ("ALJ") held a hearing on March 14, 2007, and found Ms. Hoyle not disabled on June 22, 2007, AR 6, 11-23, 28-29, 33-37, 410-430. The Commissioner's decision became final when the Appeal Council denied review on November 20, 2007, AR 6-8, and Ms. Hoyle timely appealed to this Court (#2).

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims). The ALJ found that Ms. Hoyle has the following severe combination of impairments: bilateral mild degenerative arthritis of the knees; minor degenerative arthritis of the cervical spine; Hepatitis C; obesity; and depressive, anxiety, and personality disorders. AR 16-17. But the ALJ also found that none of these impairments, either separately or in combination, met or equaled a disorder listed in the Commissioner's regulations. AR 17.

After evaluating the record, the ALJ assessed Ms. Hoyle's residual functional capacity ("RFC"):

> [C]lamaint has musculoskeletal, Hepatitis C and obesity impairments that limit her over . . . a period of eight hours to a wide range of light exertion work with lifting and/or carrying frequently 10 pounds and occasionally 20 pounds. She can sit, stand and walk for six hours each with the need to

---

[1] Citations to "AR" refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on December 3, 2008 (#13).

PAGE 2 - OPINION AND ORDER

> alternate positions after an hour of standing and/or walking. There should be no more than occasional stooping, climbing, kneeling, crouching or crawling; frequent balancing; and occasional over-head reaching. Her mental impairments preclude performance of complex or detailed instructions and no interaction with the public.

AR 17. This RFC assessment was based on Ms. Hoyle's testimony, opinions from treating, examining, and reviewing medical professionals, and a statement from Ms. Hoyle's husband. AR 18-22. Based on the testimony of a vocational expert, the ALJ concluded that Ms. Hoyle's RFC enabled her to participate in occupations that exist in significant numbers in the national economy. AR 22-23. Because the ALJ concluded that Ms. Hoyle is capable of gainful employment, the ALJ found that she was not disabled within the meaning of the Social Security Act. AR 23.

## ANALYSIS

Ms. Hoyle contends that the ALJ's decision should be reversed because the ALJ committed legal errors in reaching her decision and the decision is not based on substantial evidence. Specifically, Ms. Hoyle argues that the ALJ erred by failing to assign adequate weight to the opinion of Dr. Schmitz, Ms. Hoyle's treating physician, by failing to recontact Dr. Schmitz for additional information, and by failing to consider the various factors set forth in 20 C.F.R. § 404.1527(d).[2] Although it is unclear whether Ms. Hoyle challenges the ALJ's evaluation of Roger Cummins' physicians' assistant opinion, I also address that aspect of the ALJ's decision below. Based on the following analysis, I hold that the ALJ did not commit legal error and the ALJ's decision is supported by substantial evidence in the record.

---

[2] Ms. Hoyle also argues that the ALJ failed to evaluate or explain the weight accorded to the opinion of Dr. Kaplan. (Mem. on Behalf of Pl. (#14) 5.) After a thorough review of the record, the Court is unable to find any reports or opinions from Dr. Kaplan.

PAGE 3 - OPINION AND ORDER

I.      Dr. Schmitz

      A.      *The Weight Accorded to Dr. Schmitz's Opinion*

Ms. Hoyle argues that the ALJ erred by failing to assign controlling weight to Dr. Schmitz's treating physician opinion. Dr. Schmitz is an orthopedic surgeon who operated on Ms. Hoyle's knee in June 2004 and then saw her for post-operative treatment until September 2004. AR 172-84. The ALJ credited Dr. Schmitz's opinion that Ms. Hoyle's knee impairment prevented her from returning to former work as an exotic dancer, housekeeper and waitress, AR 18, 178, but rejected Dr. Schmitz's opinion that Ms. Hoyle's right knee impairment prevented her from performing sedentary work on a full-time basis, AR 18, 175-77. For the reasons set forth below, I conclude that the ALJ did not err in rejecting that portion of Dr. Schmitz's opinion.

A treating physician's opinion is given controlling weight if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (quoting 20 C.F.R. § 404.1527(d)(2)). If a treating or examining physician's opinion is controverted by the opinion of another physician, however, an ALJ must cite specific, legitimate reasons for rejecting the physician's opinion, and those reasons must be based on substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The sufficiency of the ALJ's reasons for rejecting a treating or examining physician's opinion depends on the source of the contravening opinion. For example, the opinion of an examining physician may be sufficient to reject a treating physician's opinion if the examining physician's opinion is based on independent clinical findings. *Andrews*, 53 F.3d at 1041. But an ALJ may not reject the opinion of an

PAGE 4 - OPINION AND ORDER

examining or treating physician by relying exclusively on the opinion of a nonexamining physician. *Lester*, 81 F.3d at 830.

In this case, Dr. Schmitz's treating physician opinion was not entitled to controlling weight because his opinion was contradicted by the opinion of an examining physician, Dr. McKeller, and the opinions of nonexamining State agency physicians. AR 18, 20, 248-50, 317-26. Therefore, to reject Dr. Schmitz's opinion, the ALJ must cite specific, legitimate reasons based on substantial evidence in the record. *See Andrews*, 53 F.3d at 1041. Because Dr. McKeller is an examining physician who rendered a contravening opinion based on his own independent clinical findings, AR 18, 20, 248-50, his opinion provides substantial evidence justifying the ALJ's decision to reject conflicting aspects of Dr. Schmitz's opinion. *See id.*

Dr. Schmitz determined that Ms. Hoyle was capable of sedentary work. After Dr. Schmitz's treating relationship with Ms. Hoyle ended, Dr. McKeller found that Ms. Hoyle had a full active range of motion in both knees. AR 20, 249. Additionally, Dr. McKeller found "no evidence of significant degenerative osteoarthritis" and opined that Ms. Hoyle's musculoskeletal complaints "appear to be secondary to obesity and poor conditioning." AR 20, 249. Dr. McKeller's opinion was supported by radiographic evidence, AR 20, 268, 388, and by the findings of a physicians' assistant, Roger Cummins, who treated Ms. Hoyle from March 2005 to October 2006. Mr. Cummins observed no symptoms in Ms. Hoyle's left knee and rarely observed symptoms in Ms. Hoyle's right knee. AR 20, 261, 382. When Mr. Cummins did observe symptoms in Ms. Hoyle's right knee, the symptoms were mild. AR 20, 261, 382.

The ALJ provided additional reasons for rejecting Dr. Schmitz's opinion that Ms. Hoyle could not perform sedentary work, such as the fact that Dr. Schmitz issued his opinion after

PAGE 5 - OPINION AND ORDER

treating Ms. Hoyle for only five months, and the fact that Ms. Hoyle was recuperating from knee surgery during most of the treating relationship. AR 18, AR 172-84. The ALJ also noted that permanent incapacity was inconsistent with Dr. Schmitz's own findings, which indicated Ms. Hoyle's right knee improved after surgery. AR 18, 180. The ALJ also noted that Ms. Hoyle did not appear to seek additional treatment from Dr. Schmitz after September 2004, which the ALJ thought was "entirely at odds with disabling right knee impairment as alleged." AR 18, 172-84, 427-28. The ALJ did not err in discrediting Dr. Schmitz's opinion that Ms. Hoyle is permanently unable to perform any kind of full-time work.

**B.**     ***The ALJ's Failure to Recontact Dr. Schmitz***

Ms. Hoyle argues that the ALJ erred by failing to recontact Dr. Schmitz for additional information, as required by 20 C.F.R. §§ 404.1512(e), 416.912(e).[3] This argument is unpersuasive. An ALJ is required to recontact a treating physician only when the evidence from

---

[3] 20 C.F.R. §§ 404.1512(e) and 416.912(e) read:

> (e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

PAGE 6 - OPINION AND ORDER

the treating physician is inadequate to determine that the claimant is disabled. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). Here, nothing in the record suggests the ALJ found Dr. Schmitz's reports to be inadequate to make a disability determination. AR 18. Rather, the ALJ credited Dr. Schmitz's opinion that Ms. Hoyle's impairments prevented her from returning to work as an exotic dancer, housekeeper and waitress, but discredited Dr. Schmitz's opinion that Ms. Hoyle is incapable of all work. AR 18, 178. Under these circumstances, the ALJ had no duty to recontact Dr. Schmitz to obtain additional information.

      C.    *The ALJ's Failure to Consider Relevant Factors*

Ms. Hoyle argues that the ALJ erred by failing to evaluate Dr. Schmitz's opinion in light of the factors set forth in 20 C.F.R. § 404.1527(d): (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the physician. This argument is also unpersuasive. In failing to credit Dr. Schmitz's opinion that Ms. Hoyle's knee impairment prevented her from performing sedentary work, the ALJ evaluated the length of Dr. Schmitz's treatment relationship, the nature and extent of the relationship, and the findings that supported Dr. Schmitz's opinion. AR 18. The ALJ also considered whether Dr. Schmitz's opinion was consistent with the record as a whole, including the opinions of other physicians. AR 18. The ALJ properly applied relevant factors when evaluating Dr. Schmitz's opinion.

## II.    Roger Cummins

Roger Cummins is a physicians' assistant and Ms. Hoyle's primary care provider. In June 2005, Mr. Cummins opined that Ms. Hoyle would be unable to do any work outside the home due to chronic health problems, current mental health issues and chronic pain. AR 18, 143, 256, 393. Because Ms. Hoyle's opening brief observes that the ALJ disregarded Mr. Cummins's opinion, I consider whether the ALJ's properly evaluated this opinion.

The opinion of a physicians' assistant is treated as a lay witness opinion. *See* 20 C.F.R. § 416.913(a), (d). The ALJ has a duty to consider lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 416.913(d)(4); 416.945(a)(3). The ALJ may not reject such testimony without comment, but she may reject lay testimony inconsistent with medical evidence. *Lewis*, 236 F.3d at 511. If an ALJ rejects lay witness testimony entirely, she must give reasons for doing so. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Here, the ALJ provided several reasons for her decision to discredit Mr. Cummins's opinion. The ALJ determined that Mr. Cummins's opinion was conclusory and unsupported by objective findings. AR 18, 143, 244-47, 255-64, 382-93. She also observed that Mr. Cummins's opinion was inconsistent with his own findings of mild knee impairment, AR 18, 261-62, inconsistent with Dr. McKeller's opinion, AR 20, 248-50, and inconsistent with radiographic evidence that showed only mild degenerative osteoarthritis of the knee and cervical spine, AR 20, 268, 388. Additionally, the ALJ noted that disability is a decision reserved to the Commissioner, that Mr. Cummins's opinion implicitly rendered a vocational assessment beyond his expertise, and that the weight of his opinion is diminished because he is not a licensed physician. AR 18,

20, 143, 393. The ALJ did not err in using these reasons as the basis for rejecting Mr. Cummins's opinion.

## CONCLUSION

The Commissioner's decision that Ms. Hoyle does not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence. Therefore, the Commissioner's decision is AFFIRMED and Ms. Hoyle's appeal is DISMISSED.

IT IS SO ORDERED.

Dated this __15th__ day of January, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge